**SKIBA LAW GROUP, PLC**
John N. Skiba (022699)
1640 South Stapley Drive, Suite 127
Mesa, Arizona 85204
T: (480) 420-4028  F: (480) 302-7844
Email: john@skibalaw.com
Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| DENISE MOULSON,<br><br>　　　　　Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant. | **Case No:** _____<br><br><br>**COMPLAINT FOR VIOLATION OF FAIR CREDIT REPORTING ACT**<br><br><br>JURY TRIAL DEMANDED |

　　　Plaintiff Denise Moulson, through counsel, does hereby state her complaint against Defendant Bank of America, N.A. as follows:

### JURISDICTION

1.　Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.　This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") and the Arizona Fair Credit Reporting Act A.R.S § 44-1691.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Denise Moulson is a natural person who resides in the City of Apache Junction, County of Pinal, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Bank of America, N.A. (hereinafter "Defendant") is a Delaware Corporation with its principal place of business at Bank of America Corporate Center, 100 N. Tryon Street, Charlotte, North Carolina 28255.

## FACTUAL ALLEGATIONS

6. Ms. Moulson contracted with Defendant for a home mortgage in 2006. Ms. Moulson incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Defendant furnished credit information to credit reporting agencies and therefore is a "furnisher" under 15 U.C.S. § 1681*s*-2 of the FCRA.

8. Plaintiff's bank statement from September 2009 show a September 5th withdrawal in the amount of $481.06 for a Bank of America mortgage. *See* Bank Statement dated 3/19/2015, a true and accurate copy is attached as Exhibit A.

9. In September 2009, though Plaintiff was current on her home mortgage, Defendant furnished to certain credit reporting agencies that Plaintiff was thirty (30) days delinquent on her home mortgage payment. *See* Experian Report dated 1/7/2013, a true and accurate copy is attached as Exhibit B.

10. Plaintiff contacted Defendant numerous times by mail, electronic complaint, and telephone to inform and demand that the misreported information be changed.

11. Though Defendant allegedly modified certain misreported delinquent payments, sometime in 2010, Defendant continued to show Plaintiff as paying late on new mortgage payments throughout 2010, 2011, 2012, 2013. *See* Letter from Defendant dated 10/01/2013, a true and accurate copy is attached as Exhibit C.

12. On or about April 17, 2013 Defendant sent a notice to Plaintiff acknowledging her request to adjust her credit report and informing her that late payments for 09/2010, 10/2010, 11/2010, 12/2010, 01/2011, 02/2011, and 03/2011 had been corrected. *See* Exhibit C.

13. On or about July 5, 2013, Defendant responded to Plaintiff's most recent complaint and generally stated that Plaintiff's credit report had been adjusted. *See* Exhibit C.

14. On or about July 11, 2013, Defendant sent another response to Plaintiff's complaint and there acknowledged Plaintiff's concerns for "being reported delinquent since the modification 3 years ago" and Defendant had "determined that certain payments were not applied to [Plaintiff's] loan account as intended." *See* Exhibit C.

15. On or about September 11, 2013, Defendant responded to another complaint and reported that it adjusted her report to correct the 09/2010, 10/2010, 11/2010, 12/2010, 02/2011, 03/2011 mortgage payments. *See* Exhibit C. All six (6) misreported late payments had already been corrected at least twice before, at Plaintiff's persistent efforts, as noted in the April 17, 2013 letter from Defendant.

16. On or about October 1, 2013, Defendant responded to another complaint and reported that it adjusted her report to correct the 01/2011 mortgage payment. *See* Exhibit C. This date was already adjusted prior to this correction.

17. On or about October 1, 2013, Plaintiff printed a TransUnion credit report that marked all payments adjusted by Defendant with an 'x' or unknown. *See* TransUnion report dated October 1, 2010, a true and accurate copy is attached as Exhibit D. All modified payments should have read as "ok."

18. On or about October 1, 2010, Plaintiff received a response to a complaint Plaintiff filed with TransUnion, a credit reporting agency, about Defendant's credit furnishing practices. *See* TransUnion Investigation Letter dated October 1, 2013, a true and accurate copy is attached as Exhibit E. There, TransUnion stated it completed an investigation on the Bank of America Corporation but their investigation. The investigatoin did not prevent Defendant from continuing its bad credit furnishing practices.

19. On or about October 10, 2013, Defendant responded to another complaint Plaintiff filed and reported that it adjusted Plaintiff's report to correct the 07/2011, 08/2011, 09/2011, 10/2011, 12/2011, 01/2012, 02/2012, 03/2012, 04/2012, 05/2012, 08/2012, 09/2012, 10/2012, 11/2012, 01/2013, 02/2013, 03/2013, 04/2013, 05/2013, 06/2013, 07/2013, and 9/2013 mortgage payments. *See* Exhibit C. Many or all of the modified dates had already been previously modified several times.

20. On or about October 25, 2013, Defendant responded to another complaint and reported that it adjusted her report to correct the 09/2013 mortgage payment. *See* Exhibit C. This payment had previously been adjusted several times.

21. Plaintiff applied for a car loan which required the car dealership to run a credit check. Due to Defendant's misreporting, misconduct and lack of follow through, Plaintiff receiving a higher interest rate on a car loan due to her bad credit.

22. On or about October 15, 2013 Plaintiff wrote to request from Defendant to compensate her for the higher interest rate on the car loan. *See* Refusal Letter dated October 29, 2013, a true and accurate copy is attached as Exhibit F.

23. Plaintiff received a Defendant's refusal to compensate on or about November 7, 2013. *See* Exhibit F.

24. Plaintiff requested in writing the basis for Defendant's denial for compensation in a letter dated November 7, 2013. *See* Service Request Letter dated November 7, 2013, a true and accurate copy is attached as Exhibit G.

25. On or about January 13, 2014 Defendant responded to Plaintiff's Service Request Letter and stated that "[o]ur records indicate your previous request for

compensation was declined because no financial damage was determined." *See* Defendant's letter dated January 13, 2014, a true and accurate copy is attached as Exhibit H.

26. On or about January 23, 2014, Defendant responded to another complaint and reported that it modified her report to correct the 04/2011, 05/2011, 06/2011, 07/2011, 08/2011, 09/2011, 10/2011 and the 11/2011 mortgage payments, all of which Defendant previously adjusted several times. *See* Exhibit C.

27. On or about February 24, 2015, Plaintiff printed an Experian credit report which shows Plaintiff's mortgage payments as late from September 2009 to March 2010. *See* Experian Credit Report dated February 24, 2015, a true and accurate copy is attached as Exhibit I. Both dates had been previously modified several times to show no derogatory marks on those dates.

28. Because Defendant promised Plaintiff many times to correct her credit report and did not, two Bank of America employees separately mailed Plaintiff apology cards "for [Plaintiff's] recent inconvenience." *See* Defendant's Apology Letters, a true and accurate copy is attached as Exhibit J.

29. In addition to written correspondence, Plaintiff spent untold hours on the phone with Plaintiff from 2009 until the present trying to correct mistakes which she never made.

30. Defendant alleges and believes that derogatory marks, whether 'unknown' or delinquent marks, led to a higher interest rate on Plaintiff's automobile loan.

31. Defendant is in violation of numerous and multiple provisions of the FCRA including but not limited to 15 U.S.C. §§ 1681*n*, 1681*o*, 1681*i*, 1681*s*, and 1681*s*-2(b)(1).

32. Defendant's misconduct and lack of follow through resulted in Plaintiff receiving a higher interest rate on a car loan due to bad credit. Additional damages include out-of-pocket costs, loss of time from work and loss of credit opportunities.

### TRIAL BY JURY

33. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 et seq.

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FCRA including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 et seq.

36. Section 1681$s$-2(b)(1) of the FCRA imposes liability on furnisher of information to investigate disputes from consumers as to the accuracy of reported information, i.e., perform a reasonable investigation. See 15 U.S.C. § 1681s-2(b)(1). After receiving a § 1681$i$ notice of a dispute over the accuracy or completeness of any information provided by a person to a consumer reporting agency, the person shall:

    (A)   conduct an investigation with respect to the disputed information;

    (B)   review all relevant information provided by the consumer reporting agency pursuant to § 1681$i$;

    (C)   report the results of the investigation to the consumer reporting agency;

    (D)   if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

    (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

        (i)    modify that item of information;

        (ii)    delete that item of information; or

        (iii)    permanently block the reporting of that item of information

See 15 U.S.C. § 1681s-2(b).

37. Defendant failed to conduct reasonable investigations, failed to satisfy its duty under § 1681*s*-2(b), and both willfully and negligently refused to comply with the FCRA requirements listed above.

38. As a result of Defendant's violations of the FCRA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1681(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681(a)(2) from Defendant.

## COUNT II.
## VIOLATIONS OF THE ARIZONA FAIR CREDIT REPORTING ACT
### A.R.S § 44-1691 et seq.

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Arizona FCRA including, but not limited to, each and every one of the above-cited provisions of the Arizona FCRA, A.R.S. § 44-1691 et seq.

41. Pursuant to A.R.S. § 44-1695, Plaintiff is entitled to actual damages, punitive damages, attorney's fees and costs from Defendant for gross negligence in the use of credit reporting information.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1681(a)(1) against Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681(a)(2) against Defendant;

**COUNT II.**

**VIOLATIONS OF THE ARIZONA FAIR CREDIT REPORTING ACT**

**A.R.S § 44-1691 et seq.**

- for an award of actual and punitive damages, costs and attorneys' fees pursuant to A.R.S. §44-1695 against Defendant.
- for such other and further damages as this Court deems appropriate.

**DATED** this 24th day of February 2016.

Skiba Law Group, PLC


/s/ John N. Skiba\_\_\_\_\_
John N. Skiba
*Attorney for Plaintiff*